IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00111-MR-WCM

| | |
|---|---|
| HUGO FABIAN PINACHO VAZQUEZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICK ELIJAH TRANTHAM, et al., )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Response to Order [Doc. 16].

On August 8, 2023, the Court entered an Order directing the Plaintiff to show good cause for his failure to effect service on the Defendants Western Surety Insurance Company and John Doe Defendants 1-3. [Doc. 14]. The Plaintiff responded to the Court's Order on August 22, 2023, advising that he previously served John Does 1-3 through their employer, the Jackson County Sheriff's Office, and that he had commenced service on Western Surety. [Doc. 16]. Western Surety filed its Answer on September 7, 2023. [Doc. 18]. Accordingly, the Show Cause Order is discharged with respect to this Defendant.

As for the John Doe Defendants, the Fourth Circuit has stated that the proper use of a John Doe designation is as a placeholder in situations where the "true identity of an unnamed party can be discovered through discovery or through intervention by the court." Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982). Here, the Plaintiff purports to have served the John Doe Defendants by leaving a copy of the complaint and summons with the Jackson County Sheriff. [Doc. 16]. However, because these John Does have never been identified, the Sheriff could not have known on whose behalf he was accepting service or whether he was even authorized to accept such service. See Banks v. Gates Hudson & Assocs., Inc., No. 1:19-cv-1259, 2020 WL 3441423, at *4 (E.D. Va. June 23, 2020). As such, the Plaintiff's attempts at service on these Defendants were not effective.

To date, the Plaintiff has not made any effort to identify these Defendants through discovery. In the interests of justice, the Court will allow the Plaintiff sixty (60) days to identify the John Doe Defendants and to serve them in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall have sixty (60) days from the entry of this Order to identify the John Doe Defendants and to serve them in accordance with Rule 4 of the Federal Rules of Civil Procedure. Failure to identify these Defendants and serve them within the

2

time allowed will likely result in the dismissal of these Defendants without prejudice.

**IT IS FURTHER ORDERED** that the Order to Show Cause [Doc. 14] is **DISCHARGED** with respect to the Defendant Western Surety Insurance Company.

**IT IS SO ORDERED.**

Signed: September 22, 2023

Martin Reidinger
Chief United States District Judge