IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00111-MR-WCM

| | | |
|---|---|---|
| HUGO FABIAN PINACHO VAZQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PATRICK ELIJAH TRANTHAM, | ) | |
| *Individually and as agent for* | ) | |
| *Sylva Police Department*; | ) | |
| CHIP HALL, | ) | |
| *individually and in his official capacity* | ) | |
| *as former Sheriff of Jackson County*; | ) | |
| SYLVA POLICE DEPARTMENT; | ) | |
| CHRIS HATTON, | ) | |
| *Chief, individually and in* | ) | |
| *his official capacity as* | ) | |
| *Chief of Sylva Police Department*; | ) | |
| JACKSON COUNTY | ) | |
| SHERIFF'S OFFICE; | ) | |
| WESTERN SURETY INSURANCE | ) | |
| COMPANY, *Surety on official surety* | ) | |
| *bond of the Sheriff of Jackson County*; | ) | |
| JOHN DOES 1-3; *individually and as* | ) | |
| *agents of Jackson County* | ) | |
| *Sheriff's Office*; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Petition for Camera Footage (the "Motion for Video Footage," Doc. 29) and Defendants Chief Chris Hatton and Sylva Police Department's Motion to Compel (the "Motion to Compel," Doc.

1

30). No response to either motion has been filed, and the time to do so has expired.

## I. The Motion for Video Footage

This action involves allegations that Plaintiff was assaulted and otherwise mistreated by law enforcement personnel on or about February 13, 2021.

In the Motion for Video Footage, Plaintiff states that he has requested the release of "all video footage concerning the incident" but that counsel for the Jackson County Sheriff's Office has refused to deliver the footage since Plaintiff has not obtained an order from a Superior Court Judge requiring that disclosure.

Plaintiff requests that the Court conduct an *in camera* review of "the videos available and in possession of the Defendants" and that, following such a review, order the release to Plaintiff's counsel of "all videos" of Plaintiff and the alleged the events of February 13, 2021, "including the Sally Port of the Jackson County Sheriff Department, the Jail and all cameras which show any conduct related to the Plaintiff without editing or redacting…." (the "Footage"). Doc. 29.

In relevant part, N.C.G.S. § 132-1.4A provides:

> Recordings in the custody of a law enforcement agency shall only be released pursuant to court order. Any custodial law enforcement agency or any person

requesting release of a recording may file an action in the superior court in any county where any portion of the recording was made for an order releasing the recording. The request for release must state the date and approximate time of the activity captured in the recording, or otherwise identify the activity with reasonable particularity sufficient to identify the recording to which the action refers.

N.C.G.S. § 132-1.4A(g).[1]

In determining whether such a recording may be released, the statute requires a court to consider certain specified standards and allows for the consideration of additional standards the court deems relevant. See N.C.G.S. § 132-1.4A(g)(1)-(8). Further, certain individuals, including any law enforcement agency personnel whose image or voice is in the recording, are to be given notice of any proceeding and an opportunity to be heard. N.C.G.S. § 132-1.4A(g).

Here, assuming any Footage exists, the Motion for Video Footage does not identify that Footage or otherwise provide sufficient information to enable the Court to address the specific considerations set out in Section 132-1.4A(g) as to that Footage.

Also, it is not clear whether all persons who are to be given notice of Plaintiff's request have received such notice.

---

[1] At this time, the Court will assume without deciding that a federal court may also consider a request for release of law enforcement recordings under this provision.

In addition, the Motion for Video Footage does not describe sufficiently, as required by the Local Rules, the efforts of counsel to confer in good faith to resolve any areas of disagreement concerning the potential release of the Footage.

Plaintiff's request will, therefore, be denied without prejudice.

## II. The Motion to Compel

### A. Compelling Plaintiff's Responses

By the Motion to Compel, Defendants Chief Chris Hatton, individually and in his official capacity, and the Sylva Police Department (collectively, the "Town of Sylva Defendants") move for an order compelling Plaintiff to provide "full and complete" responses to Defendant Chris Hatton's First Set of Interrogatories and Requests for Production to Plaintiff and Defendant Sylva Police Department's First Set of Interrogatories and Requests for Production to Plaintiff (collectively, the "Discovery Requests," Doc. 31-1).

In support of their request, the Town of Sylva Defendants represent that the deadline for Plaintiff to respond to the Discovery Requests was March 20, 2024, and that Plaintiff did not respond by that deadline or seek an extension of time to do so. The Town of Sylva Defendants further state that counsel for Plaintiff previously agreed to respond to the Discovery Requests by May 31, 2024, but failed to meet that deadline.

4

As noted, Plaintiff has not filed a response to the Motion to Compel, and the deadline to do so has passed.

Accordingly, Plaintiff will be ordered to respond to the Discovery Requests.

### B. Expenses

The Town of Sylva Defendants additionally seek their reasonable attorneys' fees and expenses associated with the Motion to Compel pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. Doc. 30. That Rule provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Here, Plaintiff has not filed any response to the Motion to Compel or the Town of Sylva Defendants' request for an award of fees and expenses. See

Advisory Committee Notes to the 1993 Amendment ("[T]he phrase 'after opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as oral hearing."); Hayes v. Rule, 1:03CV1196, 2005 WL 8167730, *2 n. 1 (M.D.N.C. June 29, 2005) ("[T]he corporate Defendants have been given an opportunity to be heard on the issue of attorney's fees in accordance with Rule 37 in that they could have addressed it in a response to the motion to compel, but they failed to file a timely response."); see also Manning v. General Motors, 247 F.R.D. 646, 655 (D. Ks. 2007) ("The 'written submission' requirement is met where the moving party requests sanctions in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response.").

Accordingly, Plaintiff has not provided any basis upon which the undersigned could find that an award of expenses would be improper, and such a basis is not otherwise apparent from the record.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Petition for Camera Footage (Doc. 29) is **DENIED WITHOUT PREJUDICE**.

2. Defendants Chief Chris Hatton and Sylva Police Department's Motion to Compel (Doc. 30) is **GRANTED** as follows:

    a. Plaintiff shall provide full and complete responses to the Discovery Requests on or before **July 31, 2024**.

    b. The Town of Sylva Defendants are **AWARDED** their reasonable expenses incurred in relation to the Motion to Compel, including attorney's fees.

    c. The parties are **DIRECTED** to confer and attempt to reach an agreement as to the amount of expenses that should be awarded, and whether such expenses should be paid by Plaintiff and/or Plaintiff's counsel.

    d. On or before **July 24, 2024**:

        i. Plaintiff and the Town of Sylva Defendants shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award and by whom it should be paid (and advising of those details), or

        ii. In the alternative, if Plaintiff and the Town of Sylva Defendants are unable to reach an agreement, the Town of

7

Sylva Defendants shall submit materials from which the Court can determine an appropriate award. Plaintiff shall have an additional seven (7) days from the date of Defendants' filing to file a response. The Town of Sylva Defendants shall have three (3) days thereafter to file a reply, if any.

Signed: July 10, 2024

W. Carleton Metcalf
United States Magistrate Judge